**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10304 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00124-PMP-RJJ-1 |
| v. | |
| DARRYL OWEN WALIZER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted October 19, 2012
San Francisco, California

Before: HAWKINS, N.R. SMITH,[**] and MURGUIA, Circuit Judges.

A jury convicted Darryl Walizer of violating 18 U.S.C. § 2422(b) by using

the Internet in an attempt to coerce or entice 14 year-old "Alecia"—in reality, a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Judge N.R. Smith was drawn to replace Judge Betty Binns Fletcher. Judge Smith has read the briefs, reviewed the record, and listened to a recording of oral arguments that were held on October 19, 2012.

police detective named Tony Godwin—into engaging in an illegal sex act ("Count 1"). At sentencing, the district court found Walizer in violation of 18 U.S.C. § 2260A, which requires a court to impose a 10 year consecutive sentence on any person who, while required to register as a sex offender, commits one of several enumerated crimes against a minor ("Count 2"). Walizer appeals. We affirm his conviction on Count 1, but vacate his conviction on Count 2, which we remand to the district court for trial.

As to Count 1, Walizer argues his conviction should be vacated because: (1) the district court prevented him from cross-examining Godwin effectively; and (2) the jury lacked sufficient evidence to convict Walizer of attempted coercion and enticement. First, the district court neither prejudiced Walizer nor denied the jury information about any of Godwin's possible biases when it prohibited Walizer from cross-examining Godwin about Godwin's difficulty in enlisting the aid of Las Vegas-area law enforcement in his investigation of Walizer. *See United States v. Urena*, 659 F.3d 903, 907–08 (9th Cir. 2011) ("A limitation on cross-examination does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant, and denies the jury sufficient information to appraise the biases and motivations of the witness.") (internal citation and quotation marks omitted). Walizer's anticipated line of questioning would not have elicited from

2

Godwin any admissible testimony about other law enforcement agencies'

assessments of Godwin's investigation, the issue Walizer argues the district court

unconstitutionally prevented him from exploring.

Second, given the length, scope, and explicit nature of Walizer's

communication with Alecia, specifically his graphic descriptions of his desired

sexual contact with her, the detailed nature of his planning (*e.g.*, down to the

choice of movie they would see on their "date"), and his trip to the airport to meet

her, a jury could have concluded, beyond a reasonable doubt, that Walizer's

conduct "(1) advance[d] the criminal purpose charged, and (2) provide[d] some

verification of the existence of that purpose." *United States v. Goetzke*, 494 F.3d

1231, 1236 (9th Cir. 2007) (per curiam) (internal citation and quotation marks

omitted).

As to Count 2, Walizer contends, the Government concedes, and we

conclude, that the district court erred by usurping the jury's role in determining

that Walizer violated 18 U.S.C. § 2260A—irrespective of whether Section 2260A

defines a criminal offense or a sentencing enhancement. *See Jones v. United

States*, 526 U.S. 227, 243 n.6 (1999) (holding facts that increase the maximum

penalty for a crime must be submitted to a jury and proven beyond a reasonable

doubt); *In re Winship*, 397 U.S. 358, 364 (1970) (holding that conviction of a

3

crime requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime"). We therefore vacate Walizer's conviction on Count 2 and remand to the district court for a jury trial on that Count only. As we vacate Walizer's conviction for violating 18 U.S.C. § 2260A, we need not decide whether that statute is unconstitutionally vague.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**